Forrest **DARBY**, Plaintiff—Appellant,

v.

**US DEPT OF DEFENSE, et al.,**
Defendants—Appellees.

No. 02–16125.

D.C. No. CV–00–00661–RLH/LRL.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 24, 2003.*

Decided Sept. 10, 2003.

Forrest Darby, Las Vegas, NV, for Plaintiff–Appellant.

Barbara L. Herwig, Esq., Freddi Lipstein, Esq., Vincent M. Garvey, Esq., U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before CHOY, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Forest Darby appeals the district court's summary judgment for defendants. The district court determined that the state secrets privilege invoked by the Department of Defense precluded litigation on Darby's First and Fifth Amendment claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, upon de novo review, we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The parties are familiar with the background facts and proceedings, which need not be recited.

After this court examined *in camera* the materials that the district court previously reviewed *in camera,* we affirm the finding of the district court for the reasons given in its order dated March 4, 2002. Because the state secrets privilege was properly invoked, the information covered by the privilege cannot be considered. *See Kasza v. Browner,* 133 F.3d 1159, 1166–69 (9th Cir.1998). Therefore, Darby's claims based upon the First Amendment and Fifth Amendment fail.

Darby argues that he is entitled to a hearing pursuant to Executive Orders 10865 and 12958. The district court correctly determined that Executive Order 10865 applies to the denial or revocation of security clearance classifications, and does not apply to the denial of access to a military base. Furthermore, Executive Order 12958 prescribes a uniform system for classifying, safeguarding, and declassifying national security information, and does not apply to the denial of access to a military base.

Darby argues that the district court erred in permitting certain redactions in two internal Department of Defense e-mail memos that Darby obtained pursuant to his requests under the Freedom of Information Act ("FOIA"). The redaction in the e-mails, which were prepared in the pre-decisional phase of the Department of Defense investigation, was permissible under Exemption 5 of the FOIA, which exempts disclosure of an agency's deliberative process, and Exemption 7(C) of the FOIA, which protects the names of non-government individuals interviewed during

a government investigation. 5 U.S.C. § § 552(b)(5), 552(b)(7)(C).

We have considered Darby's remaining arguments and additional citations and find them unpersuasive. The judgment of the district court is affirmed.

AFFIRMED.